**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| DONNAHUE GEORGE,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC.;<br>ROBINHOOD ASSETS (JERSEY) LIMITED;<br>and DOES 1-20,<br><br>Defendants. | Case No. ____________<br><br>EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY<br><br>FILED BY ___ D.C.<br>SEP 08 2026<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - FT. LAUD. |

## PLAINTIFF'S EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY

### RELIEF REQUESTED

Plaintiff requests leave to serve narrowly tailored discovery before the Rule 26(f) conference, limited to the AMC-linked Stock Token and information necessary for the preliminary-injunction hearing.

### GOOD CAUSE

1. The requested information is uniquely or primarily within Defendants' and identified counterparties' possession.

2. The discovery is confined to one referenced issuer - AMC - rather than Robinhood's entire Stock Token program.

3. The information bears directly on the preliminary-injunction issues: what is being issued, how much can be issued, what backs it, where the backing is held, whether backing shares are segregated or lendable, and how issuance/redemption operates.

20. Data sufficient to reconcile the dates and quantities of AMC Stock Token minting, burning, issuance, redemption, custody, collateralization, lending, or hedging with transactions in AMC common stock, AMC stock-loan activity, locates, fails, close-outs, and related derivatives during March 1 through August 31, 2026, including the July-August 2026 Stock Token event window identified in Exhibit I.

4. Plaintiff proposes document requests and Rule 30(b)(6) topics focused on these questions and an accelerated response schedule subject to reasonable confidentiality protections.

## PROPOSED EXPEDITED REQUESTS FOR PRODUCTION

Request No. 1: Documents sufficient to identify every smart contract, token contract, mint authority, burn authority, administrator, and wallet used for AMC-linked Stock Tokens.

Request No. 2: Documents sufficient to show the total number of AMC-linked Stock Tokens minted, burned, redeemed, and outstanding on each day from inception to present.

Request No. 3: Documents sufficient to identify and explain the AMC-specific Final Terms for Series 191 (ISIN JE00BVY6Y421), including the provision stating "issuance of up to USD 5,000,000,000 tokenised securities," and to show the contractual, technical, programmatic, regulatory, or internal limit on the maximum number or aggregate nominal amount of AMC-linked Stock Tokens that may be created, minted, issued, or outstanding.

Request No. 4: Documents sufficient to identify the U.S. custodian or custody arrangement for AMC shares represented as backing AMC-linked Stock Tokens.

Request No. 5: Documents sufficient to show daily quantities of AMC common shares held as backing for AMC-linked Stock Tokens.

Request No. 6: Agreements, policies, or instructions governing segregation of AMC backing shares.

Request No. 7: Documents sufficient to show whether AMC backing shares are permitted to be lent, pledged, rehypothecated, collateralized, transferred, or otherwise encumbered, including all agreements, policies, account terms, and restrictions governing such use.

Request No. 8: Documents sufficient to identify every actual securities-loan, pledge, rehypothecation, collateral transfer, or other encumbrance involving AMC shares represented as backing AMC-linked Stock Tokens, including date, quantity, counterparty, and status.

Request No. 9: Documents sufficient to show whether AMC backing shares have been included in securities-lending availability, stock-loan programs, borrow inventories, hard-to-borrow inventories, or other records representing shares as available to borrow.

Request No. 10: Documents sufficient to identify any policy, procedure, communication, or transaction record concerning use of AMC backing shares in connection with Regulation SHO locate or borrow requirements, including whether any broker-dealer has been told that such shares were available to borrow or deliver.

Request No. 11: Documents sufficient to identify the full legal name and role of each authorized participant, liquidity provider, market maker, broker, custodian, prime broker, prime borrower, securities lender, sub-custodian, exchange, and settlement intermediary materially involved in creation, redemption, custody, lending, distribution, or transfer of AMC-linked Stock Tokens or their backing shares.

Request No. 12: Documents sufficient to identify the full legal identity, agreements, and role of the entity identified in Robinhood technical materials as the Authorized Participant at issuance, including any entity referred to by the abbreviation "BBVI," and any successor or additional Authorized Participant.

Request No. 13: Documents sufficient to describe Bitstamp's role, if any, in issuance, tokenization, minting, trading, custody, liquidity, settlement, redemption, or transfer of AMC-linked Stock Tokens. Plaintiff does not allege Bitstamp performs any such role absent supporting records.

Request No. 14: Documents sufficient to identify the entity or entities that physically or legally hold the AMC common shares represented as backing AMC-linked Stock Tokens, the account type in which those shares are held, and whether the shares are segregated from proprietary or customer assets.

Request No. 15: Documents sufficient to show controls designed to prevent offers, sales, or delivery of AMC-linked Stock Tokens to U.S. persons.

Request No. 16: Documents sufficient to identify complaints, internal escalations, legal analyses, or risk assessments concerning investor confusion between AMC common stock and AMC-linked Stock Tokens, securities lending of backing shares, or effects on AMC capital formation or market integrity.

Request No. 17: Documents sufficient to reconcile outstanding AMC-linked Stock Tokens to the quantity of AMC shares held as backing at each material reporting date, including any intraday or end-of-day exceptions and the disposition of exceptions. The production shall also state the aggregate U.S.-dollar amount issued against the USD 5,000,000,000 ceiling and the method used to translate issued amount into token units and corresponding AMC backing shares.

Request No. 18: Documents sufficient to identify every agreement or communication with any prime broker, prime borrower, securities-lending agent, or end borrower concerning AMC shares represented as backing AMC-linked Stock Tokens.

Request No. 19: Documents and communications concerning the selection, approval, rejection, or prioritization of AMC, GameStop Corp. ("GME"), Cinemark Holdings, Inc. ("CNK"), and comparable issuers for Stock Token issuance, including analyses of retail participation, volatility, short interest, securities-lending demand, borrow availability, anticipated token demand, projected trading volume, or expected revenue.

**PROPOSED RULE 30(b)(6) TOPICS**

Topic 1: Structure and legal characterization of the AMC-linked Stock Token.

Topic 2: Creation, minting, redemption, and burning mechanics.

Topic 3: Identity and role of custodians, sub-custodians, authorized participants, liquidity providers, market makers, prime brokers, prime borrowers, securities-lending agents, and settlement intermediaries.

Topic 4: Backing methodology and daily reconciliation.

Topic 5: Segregation, lending, collateralization, rehypothecation, encumbrance, borrow availability, and actual loan activity involving backing AMC shares.

Topic 6: Restrictions involving U.S. persons.

Topic 7: Bitstamp's role, if any, in issuance, tokenization, minting, custody, settlement, liquidity, redemption, or transfer.

Topic 8: The USD 5,000,000,000 maximum issuance amount stated in the AMC Series 191 Final Terms, the amount actually issued against that ceiling, and the relationship among nominal issuance amount, token units, and AMC backing shares.

Topic 9: Policies intended to distinguish AMC Stock Tokens from AMC common stock for investors and to prevent confusion regarding ownership and backing.

Topic 10: Any use or representation of AMC backing shares in stock-loan inventories, borrow-availability systems, or Regulation SHO locate-related processes.

Topic 11: The identity and role of any prime borrower or other counterparty that receives, may receive, or has authority to receive AMC backing shares.

Topic 12: The criteria used to select or reject AMC, GME, CNK, and comparable issuers for Stock Token issuance, including consideration of retail participation, volatility, short interest, securities-lending demand, borrow availability, anticipated token demand, projected trading volume, or expected revenue.

## PROPOSED TIMING

Plaintiff proposes service immediately after entry of an order; written responses and production within 7 calendar days; a Rule 30(b)(6) deposition within 10 calendar days; and a preliminary-injunction hearing promptly thereafter. Plaintiff requests that the Court modify these periods as necessary to protect due process.

Respectfully submitted,

DONNAHUE GEORGE, Plaintiff Pro Se

1012 NW 2nd St.

Fort Lauderdale, Florida 33311

Telephone: (347) 216-5257

Email: DonnahueGeorge@gmail.com