UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62482-CIV-SINGHAL

DONNAHUE GEORGE,

Plaintiff,

v.

ROBINHOOD MARKETS, INC, ROBINHOOD ASSETS (JERSEY) LIMITED, and DOES 1-20,

Defendants.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (DE [4]). Plaintiff owns shares of AMC Entertainment Holdings, Inc. ("AMC") common stock and suspects that Robinhood's newly issued AMC Stock Tokens cause disruptions in the underlying market for AMC securities. (DE [1] ¶¶ 7, 30). Thus, he seeks "targeted discovery" to understand the structure of Robinhood's Stock Tokens and a Temporary Restraining Order ("TRO") to maintain the status quo in the meantime. *Id.* ¶¶ 30K, 51. Because Plaintiff has not alleged any actual injury, the Court does not reach the merits of the Motion. The Complaint (DE [1]) is therefore dismissed without prejudice.

## I. BACKGROUND

Plaintiff owns approximately 1,000 shares of AMC common stock and an undisclosed number of AMC call options. (DE [1] ¶ 25). Recently, Robinhood began offering AMC "Stock Tokens" – a tokenized security that gives investors exposure to AMC equity without conferring ownership of the underlying securities themselves. *Id.* ¶¶ 2, 19.

Plaintiff has never purchased an AMC Stock Token, nor are they available to investors within the United States. *Id.* ¶ 21.

Robinhood represents to investors that AMC Stock Tokens are backed 1:1 by shares of AMC common stock held by its "U.S.-based custody partner." (DE [1-1] p. 6). Plaintiff, however, suspects (without alleging) that those underlying shares of AMC may also be available for lending, pledging, rehypothecation, or collateralization. (DE [1] ¶ 27D). He insists that more information is "necessary to evaluate the market consequences and the accuracy and completeness of representations concerning backing." *Id.*

To that end, Plaintiff "commissioned Donnahue George Investigations to prepare a six-month AMC Market Integrity Analysis" report to "identify market-structure questions warranting discovery." *Id.* ¶ 30D. The report apparently reveals various "market-integrity indicators," including swings in monthly trading volume, publicly reported short positions, and AMC's own capital structure around the time Robinhood launched its AMC Stock Tokens. *Id.* ¶¶ 30D-G. Yet Plaintiff expressly states that the report is not "proof of wrongdoing" and does not, standing alone, "prove manipulation, naked short selling, false locates, or a Regulation SHO violation." *Id.* ¶ 30L. Rather, Plaintiff alleges the facts necessary to understand the "opaque" structure of AMC Stock Tokens are solely within Robinhood's possession and discovery is therefore necessary to test the product's impact on the market for AMC equity. *Id.* ¶¶ 5, 8, 27.

Plaintiff now seeks a TRO to prevent Robinhood from creating or issuing additional AMC Stock Tokens (DE [4]) and expedited discovery to examine the product's structure and custody chain (DE [3]). But before addressing the merits of those requests, the Court must determine that it has jurisdiction over the case. Because Plaintiff failed to properly allege standing, the Court concludes that it does not.

## II. LEGAL STANDARD

Standing to bring and maintain a lawsuit is a fundamental component of a federal court's subject matter jurisdiction. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims." *Gesten v. Burger King Corp.*, 2017 WL 4326101, at *1 (S.D. Fla. Sept. 27, 2017) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015)). "Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice." *McGee v. Solicitor General of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

To establish standing, a plaintiff must show "(1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision." *L.M.P. on behalf of E.P. v. Sch. Bd. of Broward Cty., Fla.*, 879 F.3d 1274, 1281 (11th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "At the pleading stage, the plaintiff must clearly allege facts demonstrating each of these elements." *Gesten*, 2017 WL 4326101, at *1.

"Injury in fact is a constitutional requirement." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotations and citations omitted). To be concrete, "the injury must be 'de facto'; that is, it must actually exist." *Id.* at 340. "An allegation of an abstract injury will not suffice." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000).

III. DISCUSSION

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing that he has standing. *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). Recognizing this obstacle, Plaintiff includes a standalone section labelled "Article III Injury, Traceability, and Redressability" in his Complaint. (DE [1] p. 6). He alleges that he has a "personal economic interest in the integrity of the market for securities he owns and trades" and a "threatened injury from continued expansion of the challenged AMC-linked product before the backing, custody, segregation, and permitted use of the underlying AMC shares can be tested." *Id.* ¶¶ 31, 33. Such open-ended allegations fall far short of a "concrete and particularized" injury. *Lujan*, 504 U.S. at 560.

Plaintiff does not allege that Robinhood's issuance of AMC Stock Tokens has impaired his investment or caused him to lose money. Nor does he allege that Robinhood has actually engaged in any wrongdoing. *See, e.g.*, (DE [1] ¶ 41) ("Plaintiff does not presently allege a false statement concerning 1:1 backing unless discovery or authenticated evidence establishes falsity."); (DE [1] ¶ 30L) ("Plaintiff does not allege that the statistical patterns summarized in Exhibit 1, standing alone, prove manipulation."). Rather, his Complaint poses various "unanswered questions" that require further discovery and testing. *Id.* ¶ 30J.

But Plaintiff may not use discovery to determine whether he has a cause of action in the first place. *See Francisco-Juan v. Palm Beach Sheriff's Off.*, 2025 WL 2418397, at *2 (S.D. Fla. Aug. 21, 2025); *see also Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, 2011 WL 13217738, at *6 (N.D. Ga. Dec. 13, 2011) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case."). In other words, without alleging any form of cognizable injury, this Court is powerless to grant Plaintiff's

request for discovery to test his theories of market impact. Accordingly, Plaintiff's Complaint (DE [1]) must be dismissed without prejudice. *See McGee*, 727 F.3d at 1326.

IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE [4]) is **DENIED**. The Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF