**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-62482-CIV-SINGHAL**

FILED BY ___ D.C.
SEP 18 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

DONNAHUE GEORGE,

Plaintiff,

v.

ROBINHOOD MARKETS, INC.;
ROBINHOOD ASSETS (JERSEY) LIMITED;
and DOES 1-20,

Defendants. ______________________/

**PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 59(e) TO ALTER OR AMEND THE JUDGMENT, REOPEN THE CASE, AND GRANT LEAVE TO FILE PROPOSED FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff Donnahue George, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered following the Court's September 14, 2026 Order (DE 12), reopen this action for the limited purpose of amendment, and grant leave to file the Proposed First Amended Verified Complaint attached as Exhibit A. The proposed amendment directly addresses the Article III pleading defect identified by the Court and now also identifies the federal statutory basis on which Plaintiff seeks to proceed. The immediate question is procedural and narrow.

Plaintiff does not ask the Court on this Rule 59(e) motion to adjudicate whether Robinhood's AMC Stock Tokens were unlawful, unbacked, counterfeit, used as false locates, or ultimately violated the Exchange Act. Plaintiff asks the Court to reopen the action so that his first amended pleading may become operative, Defendants may be served and appear, and the disputed merits may then be tested through the ordinary adversarial process. The proposed amendment supplies materially different allegations directed to the precise jurisdictional defect identified in DE 12: Plaintiff's concrete ownership and contemporaneous purchases of AMC common stock, Defendants' own 1:1-backing representation connecting circulating AMC Stock Tokens to corresponding AMC equity, observable market events, Article III injury and traceability allegations, and an express federal statutory claim under Section 9 of the Securities Exchange Act.

Plaintiff therefore asks for one opportunity to file the attached amendment and have its allegations tested after Defendants appear, rather than treating the original pro se pleading as the final word before service.

## I. BACKGROUND AND THE PRECISE DEFECT IDENTIFIED BY THE COURT

Plaintiff filed the Verified Complaint on September 8, 2026. He alleged ownership of approximately 1,000 AMC common shares and AMC option positions and challenged an AMC-referenced Stock Token issued by Robinhood Assets (Jersey) Limited. On September 14, 2026, the Court dismissed without prejudice for lack of adequately pleaded Article III standing and denied emergency injunctive relief.

The Court emphasized that the Complaint did not adequately allege that issuance of the Stock Tokens impaired Plaintiff's investment or caused him economic loss, and that discovery cannot be used as the sole means of finding out whether a case exists. DE 12 at 4. The proposed amendment accepts that instruction.

It begins with Plaintiff's existing ownership and transactions and alleges a direct operational bridge created by Defendants' own representation that every circulating Stock Token is backed 1:1 by corresponding underlying equity. It further pleads the AMC-specific token terms, token-supply and price events, the post-introduction short-interest chronology, and material confounding facts. It does not plead temporal correlation as proof of manipulation.

## II. RULE 59(e) IS THE PROCEDURAL VEHICLE FOR POST-JUDGMENT AMENDMENT

Rule 59(e) permits a motion to alter or amend a judgment within 28 days after entry of judgment. Fed. R.

Civ. P. 59(e). Once final judgment has been entered, Rule 15(a) does not operate by itself; a plaintiff seeking to amend must first obtain post-judgment relief.

See Shehee v. Lynch, No. 25-11842 (11th Cir. Mar. 27, 2026); Carpenters Pension Fund of Illinois v.

MiMedx Group, Inc., 73 F.4th 1220 (11th Cir. 2023). Plaintiff recognizes that Rule 59(e) is an extraordinary remedy. He does not seek a merits ruling in his favor through reconsideration.

He tenders the actual proposed amendment so the Court can determine whether the pleading now presented is materially different from the complaint dismissed at DE 12 and whether reopening is warranted to permit that pleading to be filed and tested in the ordinary

course. Reopening would not establish liability, resolve disputed facts, or deprive Defendants of any defense. It would restore the adversarial process so Defendants may be served and may challenge standing, sufficiency, causation, scienter, damages, or any other issue available to them.

## III. THE PRO SE AMENDMENT AUTHORITIES FAVOR ONE OPPORTUNITY TO CURE A CURABLE DEFECT

The Eleventh Circuit has distinguished pro se litigants from the counseled-plaintiff rule in Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541 (11th Cir. 2002) (en banc). Silberman v.

Miami Dade Transit, 927 F.3d 1123, 1132-33 (11th Cir. 2019), recognizes that a pro se plaintiff generally should receive at least one opportunity to amend where a more carefully drafted complaint might state a claim, absent futility. Plaintiff has never amended, and dismissal occurred before Defendants were served.

## IV. THE PROPOSED AMENDMENT PARTICULARIZES PLAINTIFF'S PERSONAL ECONOMIC EXPOSURE

Plaintiff's brokerage records document repeated AMC purchases and sales during 2026, including a July 2 purchase of 200 shares at approximately $1.87 and purchases of 100 shares on August 17 at $2.44, 100 shares on August 18 at $2.43, and 200 shares on August 19 at $2.53. Plaintiff also held AMC-related options and owned approximately 1,000 AMC shares when this action commenced. See Ex.

B. Plaintiff does not allege that his entire AMC position was below cost on September 8, 2026. The August 17-19 lots were not underwater at the approximately $2.56 September 8 closing price.

He alleges instead that he was a contemporaneous purchaser and holder of the very security whose market price and trading environment he alleges were exposed to the challenged mechanism.

## V. DEFENDANTS' 1:1 REPRESENTATION CREATES A DIRECT OPERATIONAL LINK TO ACTUAL AMC EQUITY

Robinhood publicly represents that every Stock Token in circulation is backed 1:1 by corresponding underlying equity and that the underlying shares are held by a U.S.-based custody partner. Under Defendants' own representation, expansion and maintenance of outstanding AMC

Stock Tokens therefore necessarily implicates acquisition or maintenance of corresponding AMC equity as backing. Plaintiff does not allege that one AMC share had to be purchased simultaneously with each token sale; shares could have been acquired beforehand, in blocks, through inventory, or through another mechanism.

The pleaded point is narrower: the 1:1 representation itself links the outstanding token quantity to corresponding AMC equity represented to exist as backing. That alleged operational relationship makes the acquisition, disposition, custody, segregation, lending, pledging, rehypothecation, reconciliation, and market availability of the represented backing shares potentially material to the actual AMC market in which Plaintiff purchased and held shares.

## VI. ARTICLE III TRACEABILITY IS NOT THE SAME AS ULTIMATE SECURITIES-LAW LOSS CAUSATION

In MiMedx, 73 F.4th 1220, the Eleventh Circuit explained that Article III traceability is less stringent than proximate cause and rejected collapsing constitutional standing into ultimate securities-law loss causation. Plaintiff alleges a defined pathway created by the represented relationship between outstanding tokens and actual AMC backing equity. Ultimate proof that Defendants caused a particular price effect remains a merits question.

## VII. OBSERVABLE MARKET EVENTS SUPPORT THE PLEADED THEORY WITHOUT PROVING IT

Public blockchain reconstruction reports that the AMC-linked token reached an hourly high of approximately $187.21 on August 30 while AMC common stock had closed the preceding Friday at approximately $2.59, followed by substantial token-supply expansion after the equity market reopened. See Ex. D.

Plaintiff does not claim that $187 was AMC's fair value or his damages. RHJ published AMC-specific Final Terms dated August 12, 2026. Reported AMC short interest was approximately 42,425,510 shares as of August 14 and 37,527,938 as of August 31, a decline of approximately 4,897,572 shares, or 11.54%.

See Exs. C & E. Plaintiff does not allege that this chronology alone proves manipulation, false locates, naked short selling, or causation.

AMC's substantial 2026 share issuance is expressly acknowledged as a material confounding factor.

## VIII. THE PROPOSED AMENDMENT IDENTIFIES A FEDERAL STATUTORY CLAIM

The proposed amendment invokes 28 U.S.C. § 1331 and Section 9 of the Securities Exchange Act of 1934, 15 U.S.C. § 78i. Section 9(a)(2) addresses a series of transactions in a covered security that creates actual or apparent active trading or raises or depresses price for the purpose of inducing purchases or sales by others. Section 9(f) provides an express private remedy to a person who purchases or sells a security at a price affected by a willful violation of Section 9(a), (b), or (c).

Plaintiff's Section 9 theory is pleaded narrowly and subject to proof. Plaintiff alleges that he purchased AMC during the relevant period and that Defendants' 1:1 representation creates a direct factual relationship between outstanding AMC Stock Tokens and corresponding AMC equity represented to be acquired or maintained as backing. Plaintiff further alleges, on information and belief and based on the pleaded chronology, that transactions involving acquisition, disposition, maintenance, or market use of the represented backing shares may constitute part of a series of transactions affecting AMC trading or price.

Plaintiff does not ask the Court to infer the statutory purpose element from chronology alone; that element must be established by evidence.

## IX. DISCOVERY WOULD TEST A PLEADED CLAIM; IT WOULD NOT CREATE THE CASE

The proposed amendment identifies the security Plaintiff purchased, the relevant dates, Defendants' own 1:1 representation, the asserted operational pathway, and observable market events. Limited discovery would test whether the represented backing shares were acquired and maintained as stated and whether Defendants or persons acting with them effected transactions satisfying Section 9's statutory elements. Discovery would therefore test pleaded factual allegations rather than serve as the sole means of discovering whether Plaintiff owns the affected security or whether any market event occurred.

## X. RELIEF REQUESTED

Plaintiff respectfully requests that the Court alter or amend the judgment/closure to the limited extent necessary to reopen this action and grant leave to file the Proposed First Amended Verified Complaint attached as Exhibit A. The requested ruling would decide only whether this action should be reopened for the amended pleading to proceed; it would not adjudicate the

ultimate merits of Count I. Once reopened, Defendants can be served, appear, and present any defenses or Rule 12 arguments they contend are appropriate, and the Court can decide those contested issues on an adversarial record.

Plaintiff does not seek through this Rule 59(e) motion reconsideration of the prior denial of emergency injunctive relief.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

No Defendant has been served or appeared in this action, and no counsel of record presently represents any Defendant in this case. Accordingly, there is no opposing counsel of record with whom Plaintiff could confer concerning the relief requested by this motion.

**Respectfully submitted,**

**/s/ Donnahue George**
DONNAHUE GEORGE, Plaintiff Pro Se
1012 NW 2nd Street
Fort Lauderdale, Florida 33311
Telephone: (347) 216-5257
Email: DonnahueGeorge@gmail.com
Date: September ___, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion Under Fed. R. Civ. P. 59(e), together with Exhibit A, by United States Mail, postage prepaid, upon the following:

Robinhood Markets, Inc.
85 Willow Road
Menlo Park, California 94025

Robinhood Assets (Jersey) Limited
First Floor, La Chasse Chambers
Ten La Chasse
St. Helier, Jersey JE2 4UE

This Rule 5 mailing is not represented as a substitute for service of summons and the operative complaint under Federal Rule of Civil Procedure 4 if the action is reopened and Rule 4 service remains required.

**/s/ Donnahue George**
**DONNAHUE GEORGE**

Donnahue George
1012 NW 2nd St
Fort Lauderdale FL
33311

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 2635 2010 88

**Retail**

UNITED STATES POSTAL SERVICE®

33301

**RDC 99**

Southern District of Fl
Clerk of the Court
299 East Broward Blv
Fort Lauderdale Flor
33301

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 2635 2010 88

Retail

UNITED STATES POSTAL SERVICE®

33301

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BRONX, NY 10463
SEP 15, 2026

$10.17

S2324P502189-23

Southern District of Florida
Clerk of the Court
299 East Broward Blvd
Fort Lauderdale Florida
33301